**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Felix CARRILLO–DIAZ, Appellant.**

Superior Court of Pennsylvania.

Submitted March 11, 2013.

Filed April 9, 2013.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, P.J., WECHT, J., and COLVILLE, J.*

* Retired Senior Judge assigned to the Superior Court.

OPINION BY STEVENS, P.J.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following the revocation of Appellant's probation. We affirm.

The relevant facts and procedural history have been aptly set forth by the trial court, in part, as follows:

From June to September 2008, Appellant was engaged in a . . . sexual relationship with [M.S.]. At that time, Appellant was thirty-three [years old] and [M.S.] was fourteen [years old]. During the course of their relationship, Appellant and [M.S.] engaged in vaginal and oral sex approximately twenty times.

On June 24, 2010, Appellant pled no contest to Statutory Sexual Assault. After waiving presentence investigation and mental health reports, he was sentenced to a term of nine to twenty-nine months incarceration followed by five years of reporting probation supervised by the Sex Offender Unit. Appellant was ordered to have no unsupervised contact with any children under the age of eighteen except for his own children, to stay away [from] [M.S.], to gain employment, and to perform twenty hours of community service. The Court advised Appellant that if he violated his probation or parole, he would receive a state sentence.

Appellant appeared before the Court on February 16, 2012, for a probation violation hearing. He had tested positive for marijuana on 8/16/2011 and 9/16/2011. In addition, since beginning treatment for sex offenders on 12/14/2011, Appellant missed three consecutive sessions on 12/21/2011, 12/28/2011, and 1/4/2012, causing him to be discharged for noncompliance. At the violation of probation hearing, the Court thoroughly questioned Appellant's probation officer regarding Appellant's employment, response to treatment, and overall conduct. It became evident in light of information from his previous employer (via phone) and from a doctor at the treatment facility (via an email from the doctor to the probation officer) that Appellant misled the Court regarding his employment and his attendance at treatment: contrary to his assertions that he missed treatment sessions because he arrived there from work too late to be admitted, in actuality he had stopped showing up for work by that time and never arrived at the treatment facility. The Court found Appellant to be in violation of the terms of his probation, revoked his probation and sentenced him to one to two years state incarceration, followed by six years of reporting probation.

Trial Court Opinion filed 8/14/12 at 1–2 (citations to record omitted).

On March 5, 2012, Appellant filed a motion seeking to file a post-sentence motion *nunc pro tunc* and presenting various discretionary aspects of sentencing claims. By order filed on March 6, 2012, the trial court permitted Appellant to file his post-sentence motion *nunc pro tunc*[1] but denied the motion. This timely appeal followed on March 16, 2012, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant's sole contention is the lower court erred when it imposed a sentence without ordering a pre-sentence investigation report, or in the alternative, failing to give a reason on the record for not ordering such a report.

---

1. It is well settled that a trial court may exercise its discretion and permit a post-sentence motion to be filed *nunc pro tunc* within thirty days after the imposition of sentence. *See Commonwealth v. Moore*, 978 A.2d 988 (Pa.Super.2009).

This issue presents a challenge to the discretionary aspects of Appellant's sentence. *See Commonwealth v. Flowers*, 950 A.2d 330 (Pa.Super.2008). Thus:

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super.2006) (citations omitted).[2]

■ Here, Appellant filed a timely notice of appeal, and pursuant to the trial court's discretion, preserved his sentencing claim in a *nunc pro tunc* motion for reconsideration of sentence. *See Malovich, supra.* In addition, Appellant has included in his brief a separate statement of reasons for allowance of appeal. *Id.* Moreover, we conclude Appellant's claim presents a substantial question permitting our

review. *See Commonwealth v. Kelly*, 33 A.3d 638 (Pa.Super.2011); *Flowers, supra.*

■ The Pennsylvania Rules of Criminal Procedure vest a sentencing judge with the discretion to order a pre-sentence investigation (PSI) as an aid in imposing an individualized sentence. Specifically, Pa. R.Crim.P. 702 provides, in relevant part, the following:

**702. Aids in Imposing Sentence**

**(A) Pre-sentence Investigation Report**

(1) The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.

(2) The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:

> (a) when incarceration for one year or more is a possible disposition under the applicable sentencing statutes[.]

Pa.R.Crim.P. 702(A)(1),(2)(a) (bold in original).[3]

■ As this Court has held:

> The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant. Thus, a sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defen-

---

2. We note "it is within our scope of review to consider challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa.Super.2006) (citation omitted).

3. This Court has held that Pa.R.Crim.P. 702 is applicable to sentences imposed following the revocation of probation. *See Kelly, supra.*

dant's personal history and background....The court must exercise 'the utmost care in sentence determination' if the defendant is subject to a term of incarceration of one year or more[.]

To assure that the trial court imposes sentence in consideration of both 'the particular circumstances of the offense and the character of the defendant,' our Supreme Court has specified the minimum content of a PSI report. The 'essential and adequate' elements of a PSI report include all of the following:

(A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

(C) a description of the educational background of the offender;

(D) a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E) the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F) the offender's medical history and, if desirable, a psychological or psychiatric report;

(G) information about environments to which the offender might return or to which he could be sent should probation be granted;

(H) supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I) information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J) a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

[While case law does not] require that the trial court order a pre-sentence investigation report under all circumstances, the cases do appear to restrict the court's discretion to dispense with a PSI report to circumstances where the necessary information is provided by another source. Our cases establish, as well, that the court must be apprised of comprehensive information to make the punishment fit not only the crime but also the person who committed it.

*Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa.Super.2000) (en banc) (citations, quotation, and quotation marks omitted). *See Kelly, supra.*

■ Although Rule 702(A)(2) provides the requirement to document the reasons for not ordering a pre-sentence report is mandatory, in *Flowers*, this Court made clear that sentencing courts have some latitude in how this requirement is fulfilled. Citing to *Goggins*, we stated that "technical noncompliance with the requirements of Rule 702(A)(2) might have been rendered harmless had the court elicited sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully informed sentencing deci-

sion[.]" *Flowers,* 950 A.2d at 333 (citation omitted). *See Kelly, supra.*[4]

In the case *sub judice,* Appellant was sentenced without a PSI, and at the time of sentencing, the trial court did not state any reasons for dispensing with the PSI. However, in its Pa.R.A.P. 1925(a) opinion, the trial court judge provided the following reason for dispensing with a PSI:

> [A]ny presentence evaluation would not have been worth much. Most of the information obtained in the standard presentence report is self-reported. Because Appellant willfully lied to the Court regarding his performance while on probation, the Court would not have been able to trust most of the information contained in a presentence evaluation.

Trial Court's Opinion filed 8/14/12 at 5.

■ In any event, we conclude the trial court was provided with sufficient information to substitute for a PSI, thereby allowing a fully informed, individualized sentencing decision. *See Kelly, supra; Flowers, supra.* For instance, the Honorable Michael Erdos sat for both Appellant's no contest plea hearing and original sentencing, as well as his probation revocation hearing and sentencing. At the original no contest plea hearing, Appellant indicated he was then thirty-five years old, had attended college for three years,

was employed, did not suffer from any mental health problems, has two children, and has family ties to Philadelphia. N.T. 6/24/10 at 4, 9–10. The Commonwealth informed Judge Erdos of the factual nature of Appellant's crime and provided the court with "all relevant police paperwork." N.T. 6/24/10 at 6. After Appellant specifically waived his right to a PSI at his original sentencing hearing, N.T. 6/24/10 at 8, defense counsel informed Judge Erdos of Appellant's offense gravity score of seven and prior record score of zero. N.T. 6/24/10 at 8. Defense counsel informed Judge Erdos that, not only did Appellant not have any prior convictions, but "this actually represents his first arrest[.]" N.T. 6/24/10 at 8. In imposing Appellant's original sentence, Judge Erdos noted the sentence fell within the guideline range and commended Appellant for saving the Commonwealth the time and expense of a trial. N.T. 6/24/10 at 10.

Thereafter, when Appellant appeared for his probation revocation hearing and sentencing, Judge Erdos recognized he had in his possession the "Gagnon II hearing summary," N.T. 2/16/12 at 4, which included a summary of Appellant's underlying offense, criminal record, employment, and probation violation history. Included with the "Gagnon II hearing summary" was the probation department's

---

4. In *Flowers,* we determined the sentencing court did not have a PSI, did not state its reasons for dispensing with a PSI, and did not have in its possession sufficient information to constitute the functional equivalent to a pre-sentence report. The excerpt of the deficient sentencing hearing recounted in *Flowers* contained no indication that the trial judge had any information concerning the defendant besides a list of the crimes he had committed and that there may have been technical violations of probation. *Id.* at 7. As a result, the panel in *Flowers* vacated the judgment of sentence and remanded for re-sentencing. *Id.*

Similarly, in *Kelly, supra,* we determined the sentencing court did not have a PSI, did not state its reasons for dispensing with a PSI, and did not have in its possession sufficient information to constitute the functional equivalent to a pre-sentence report. We specifically stated in *Kelly,* "[i]n sum, the record shows that the trial court sentenced [the appellant] without obtaining even the most basic personal information necessary to enable it to craft a sentence tailored to [the appellant's] individual and rehabilitative needs." *Kelly,* 33 A.3d at 642. Thus, a panel of this Court vacated the judgment of sentence and remanded for re-sentencing.

recommended sentence and an Assessment and Treatment Alternatives (ATA) clinician's report, which set forth Appellant's diagnosis, treatment goals, "minimal progress," reasons for discharge from the treatment program, and anticipated "problematic" compliance with future goals. Judge Erdos received an email from an ATA licensed psychologist, who advised the court Appellant missed treatment on 12/28/11 and 1/04/12. Appellant admitted as much at the hearing, but said such was attributable to his work schedule. N.T. 2/16/12 at 9–10. The trial court directed defense counsel to provide the court with information regarding Appellant's employment while on probation and then continued the hearing.

When the court reconvened, defense counsel informed Judge Erdos of the following:

I did reach out, as you asked me to do, to the employer. I spoke to Mike at Mike's Auto Service. He informed me that [Appellant] was working for him sporadically in the month of December. He informed me that right around Christmas, that he stopped seeing [Appellant]. In the words of Mike: Disappeared.

I asked him if he had come back. Mike said, yes, he came back in early January. Then again, he disappeared and Mike said he was later informed that [Appellant] was in custody.

Mike was candid that he had a little bit of—I tried to get some of the specific dates. I asked him about the two dates [Appellant] said he was working and why he was late.

Mike said: I don't really remember, it was so long ago. He was clear that [Appellant] was working sporadically. And, in the words of Mike, [Appellant] had disappeared a little bit prior to Christmas.

He remembered, because he said [Appellant] came to him and specifically wanted work for more money around the holidays. That being said, I understand from [an] email that for the dates in question, 12/28 and January 4th, the records from the facility indicate that [Appellant] did not attend the sessions and no records of him arriving too late to be admitted. That speaks for itself. N.T. 2/16/12 at 7–8.

Additionally, Appellant's probation officer informed Judge Erdos that Appellant had ten months to rearrange his work schedule to accommodate his treatment and community service requirements; however, he failed to do so and his file was filled with "notes and excuses." N.T. 2/16/12 at 16.

Judge Erdos heard from Appellant, who informed him that he is on chemotherapy, although defense counsel clarified Appellant takes medication for a liver disease. N.T. 2/16/12 at 10. Appellant told the court that, when he went to jail, he lost his Social Security benefits, and while on probation, he had difficulty finding employment to support his family. N.T. 2/16/12 at 10–11. He informed Judge Erdos he paid all of his fines and he would make no excuses for his probation violations. N.T. 2/16/12 at 11. The Commonwealth, noting Appellant lied to the trial court about the reasons he missed treatment, recommended Appellant be placed in jail since he will not take responsibility. N.T. 2/16/12 at 12–14. The Commonwealth noted such would aid Appellant in his rehabilitation and protect the community. N.T. 2/16/12 at 13. Judge Erdos, noting Appellant failed to appear for required treatment and lied to the trial court at the hearing about the reasons for so doing, commended Appellant for paying his fines and costs noting such "rarely happens." N.T. 2/16/12 at 15–16. Judge Erdos then

imposed sentence, indicating "[a]t some point [Appellant has] to learn about being honest and accountable." N.T. 2/16/12 at 17.

In its Rule 1925(a) opinion, Judge Erdos specifically indicated that, in sentencing Appellant following the revocation of his probation, he considered Appellant's lack of prior criminal record and the nature and extent of Appellant's work and treatment history. Trial Court Opinion filed 8/14/12 at 5.

Based on all of the aforementioned, we conclude the record reflects Judge Erdos' reasons for Appellant's sentence and his consideration of the circumstances of the offense, Appellant's background, and Appellant's character. Judge Erdos conducted a proper pre-sentence inquiry in the absence of a PSI, and on the record before us, Appellant is not entitled to relief.[5] Accordingly, we affirm.

Affirmed.

---

5. It is noteworthy that, on appeal, aside from asserting the trial court erred in dispensing with a PSI and failing to explain its reasons for so doing, Appellant has not provided this Court with any information, which he believes the trial court should have considered or would have been revealed with the assistance of a PSI.