J-S21024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN BRIDGEMAN | |
| Appellant | No. 1431 EDA 2015 |

Appeal from the Judgment of Sentence April 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0304681-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 18, 2016**

John Bridgeman appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County.  Bridgeman was sentenced following revocation of his probation, which he was serving after pleading *nolo contendere* to charges of corruption of minors,[1] simple assault,[2] recklessly endangering another person,[3] and indecent exposure.[4] Upon careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6301(a).

[2] 18 Pa.C.S. § 2701(a).

[3] 18 Pa.C.S. § 2705.

[4] 18 Pa.C.S. § 3127.

Bridgeman originally was arrested on November 17, 2005, in Philadelphia and charged with various offenses related to allegations that he forced a six-year-old girl to perform oral sex on him. After a mistrial resulting from a hung jury, Bridgeman entered his *nolo contendere* plea to the above charges on January 5, 2009. The Honorable Denis P. Cohen sentenced Bridgeman to an aggregate term of five years' probation.

On November 5, 2013, Bridgeman was arrested in Montgomery County and charged with aggravated indecent assault of a person less than sixteen years old, corruption of minors, and related charges. The basis of the charges was that Bridgeman disciplined his fourteen-year-old stepdaughter by shaving her genitals. Bridgeman was found guilty at trial and was sentenced on February 19, 2015, to a term of four to ten years' incarceration. At Bridgeman's violation of probation hearing in Philadelphia on April 7, 2015, he was sentenced to seven to fourteen years' incarceration. This sentence was imposed consecutively to the sentence Bridgeman received in Montgomery County.

On April 28, 2015, Bridgeman filed a *nunc pro tunc* post-sentence motion alleging error with respect to the absence of a presentence investigation report ("PSI"). The motion was denied on May 5, 2015.[5]

_____

[5] An order denying the post sentence motion is not in the record, nor is such an order listed in the docket sheet. However, Bridgeman's concise statement of errors complained of on appeal indicates the motion was denied on May 5, 2015.

Bridgeman filed a notice of appeal on May 7, 2015, followed by a timely court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Bridgeman's sole contention is that the trial court failed to order a PSI, resulting in a manifestly excessive and unreasonable sentence. This issue involves the discretionary aspects of sentencing. An appellant is not entitled to review of the discretionary aspects of sentencing unless he or she satisfies a four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (quoting **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011)).

Here, Bridgeman failed to properly preserve the issue of whether the court erred by not ordering a PSI; Bridgeman neither raised the issue at sentencing nor did he file his post-sentence motion within ten days of sentencing as required by Pa.R.Crim.P. 720.[6] Thus, Bridgeman's claim is waived, and we affirm his judgment of sentence.

_____

[6] Had Bridgeman properly preserved his claim, it would present a substantial question. **See Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super.
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016

---

*(Footnote Continued)*

2014) (argument that trial court abused its discretion by neglecting to order PSI report presents substantial question). However, Bridgeman would not be entitled to the relief he seeks since the record indicates that the trial court elicited sufficient information regarding Bridgeman's background. ***See Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 726-27 (Pa. Super. 2013) (fulling informed, individualized sentencing decision made, satisfying Pa.R.Crim.P. 702, where trial court provided with sufficient information to substitute for PSI). Here, the trial court was made aware of the probation violation and the fact that Bridgeman was convicted for similar offenses in Montgomery County. Moreover, the court was aware of the fact that while on probation, Bridgeman failed to attend his sex offender treatment as required. Bridgeman was afforded a second opportunity to attend, which he did not utilize. Furthermore, the court was aware of Bridgeman's personal life, in which he was physically abused as a child and had worked for ten years to support his family. The court also attempted to find mitigating factors, but could find none. Thus, the record indicates that the instant matter is distinguishable from ***Kelly***, and the trial court had adequate information on which to sentence Bridgeman. ***Carrillo-Diaz***, *supra*.