J-S06009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :
             v.                    :
                                   :
                                   :
KASEEM EASLEY                :
                                   :
            Appellant         :      No. 1887 EDA 2023

Appeal from the Judgment of Sentence Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004804-2021

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

JUDGMENT ORDER BY DUBOW, J.:           **FILED MARCH 26, 2024**

      Appellant, Kaseem Easley, appeals from the March 17, 2023 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his conviction of Voluntary Manslaughter, Carrying a Firearm without a License, and Possession of an Instrument of Crime ("PIC").[1] Appellant challenges the discretionary aspects of his sentence. After careful review, we affirm.

      We briefly summarize the facts underlying Appellant's conviction. On March 2, 2020, Appellant, who did not have a license to carry a firearm, shot the Victim at least three times following a physical altercation between the

---

[1] 18 Pa.C.S §§ 2503(b), 6106(a), and 907(a), respectively.

men, before fleeing the scene. The Victim also sustained gunshot wounds from another shooter and subsequently died from his wounds.[2]

Appellant proceeded to a jury trial at which the Commonwealth presented testimony from Philadelphia police detectives, police officers, and the medical examiner, as well as surveillance footage recovered by police from several different locations. Appellant testified on his own behalf and presented his mother as a character witness. Appellant stipulated that he was wearing a GPS monitoring device at the time of the incident and the records of his device coordinates were provided to homicide detectives during their investigation.

On January 27, 2023, the jury convicted Appellant of the above offenses.

On March 17, 2023, after considering "all the evidence presented at trial, the presentence report, mental health evaluation, and everything presented at sentencing including the statements of defense counsel and the prosecutor, victim impact statements, and the defendant's allocution[,]"[3] the court sentenced Appellant to 10 to 20 years of incarceration for his Voluntary Manslaughter conviction, 3½ to 7 years of incarceration for his conviction of Carrying a Firearm without a License, and 2½ to 5 years of incarceration for

_____

[2] The medical examiner determined that the Victim had two fatal gunshot wounds from two different caliber rounds.

[3] Trial Ct. Op., 8/17/23, at 5 (citing N.T. Sentencing Hr'g, 3/17/23, at 41-42).

- 2 -

his PIC conviction. The court ordered Appellant's sentences to run consecutively.

Appellant filed a timely post-sentence motion for reconsideration of sentence in which he alleged that the court abused its discretion by imposing the maximum sentence for each conviction and ordering his sentences to run consecutively without considering mitigating factors and adequate reasons on the record. Motion to Reconsider Sentence, 3/22/23, at ¶ 3. The trial court denied Appellant's post-sentence motion on June 23, 2023.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Did the trial judge, as a matter of law, abuse his discretion by sentencing Appellant to the maximum possible sentence in the immediate case?

Appellant's Brief at 6.

Appellant's issue challenges the discretionary aspects of his sentence. An appellant raising such a challenge is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18-19 (Pa. 1987); *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014).

In order to obtain this Court's review, an appellant challenging the discretionary aspects of his sentence must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at

sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. **Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa. Super. 2013).

Rule 2119(f) requires an appellant who challenges the discretionary aspects of a sentence in a criminal matter to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). The Rule 2119(f) statement must "immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." **Id.**

If an appellant fails to include a Rule 2119(f) statement and the Commonwealth objects, the appellant has waived his discretionary sentencing claims. **Commonwealth v. Griffin**, 149 A.3d 349, 353 (Pa. Super. 2016).

Here, Appellant filed a timely appeal and preserved the issue in his post-sentence motion. Appellant has, however, neglected to include a 2119(f) Statement in his Brief and the Commonwealth has objected to the omission. **See** Commonwealth's Brief at 6, 9. We, thus, conclude that Appellant has waived his challenge to the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/26/2024