J-S19012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ERICK N. JOHNSON :
:
Appellant : No. 1526 MDA 2023

Appeal from the Judgment of Sentence Entered October 10, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001671-2021

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

JUDGMENT ORDER BY DUBOW, J.:        **FILED AUGUST 02, 2024**

Appellant, Erick N. Johnson, appeals from the October 10, 2023 judgment of sentence entered in the Lycoming County Court of Common Pleas following his jury convictions for six counts of Rape of a Child[1] for the repeated sexual assault of two minor victims ("Victim 1" and "Victim 2"), which Appellant committed when he was a minor. Appellant challenges the discretionary aspects of his sentence but failed to preserve this issue for our review. Accordingly, we affirm.

On June 9, 2023, a jury convicted Appellant of counts 1-3 of Rape of a Child with regards to Victim 1 and counts 6-8 of Rape of a Child with regards to Victim 2. On October 10, 2023, the court held a sentencing hearing and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

imposed standard range sentences on each count for an aggregate sentence of 84 to 240 months' incarceration.[2]  Appellant did not object during the sentencing hearing and failed to file any post-sentence motions.

Appellant timely appealed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.  Appellant raises one issue for our review:  "Whether the sentencing court abused its discretion and imposed a manifestly excessive and unduly harsh sentence and did so without sufficiently considering mitigating factors which is contrary to the fundamental norms of the sentencing process." Appellant's Br. at 7.

An appellant challenging the discretionary aspects of his sentence is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal.  42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18-19 (Pa. 1987); ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014).  In order to obtain this Court's review of the discretionary aspects of his sentence, an appellant must (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial

---

[2] With regards to Victim 1, the court sentenced Appellant to 42 to 120 months' incarceration on each of counts 1-3, to be served concurrently.  With regards to Victim 2, the court sentenced Appellant to 42-120 months' incarceration on each of counts 6-8, to be served concurrently.  Finally, the court ordered the sentence imposed on counts 1-3 to run consecutively to the sentence imposed on counts 6-8, for an aggregate term of 84 to 240 months' incarceration.

question that the sentence is inappropriate under the Sentencing Code. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013). ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (holding that appellant waived discretionary aspects of sentence claim by failing to preserve it in a post-sentence motion or at sentencing, even though he raised a substantial question).

Here, Appellant filed a timely notice of appeal and included a Rule 2119(f) statement in his brief to this Court. However, Appellant neglected to preserve the issue at sentencing or in a post-sentence motion. As a result, Appellant waived his challenge to the discretionary aspects of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/02/2024