J-S02017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAYLA M. TORIBIO | : | |
| | : | |
| Appellant | : | No. 1251 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 7, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002200-2022

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 13, 2025**

Appellant, Kayla Toribio, appeals from the February 7, 2024 judgment of sentence entered in the Northampton County Court of Common Pleas following her plea of *nolo contendere* to Endangering the Welfare of Children ("EWOC").[1] On appeal, she challenges the discretionary aspects of her sentence. After careful review, we affirm.

The relevant procedural history is as follows. On December 20, 2023, Appellant pleaded *nolo contendere* to one count of EWOC, after the Commonwealth charged her with neglecting her two-month-old child. The court deferred sentencing to obtain a presentence investigation ("PSI") report and psychological evaluation.

_____

[1] 18 Pa.C.S. § 4304(a)(1).

During the sentencing hearing on February 7, 2024, the court explained that it had considered the sentencing guidelines, the PSI report and psychological evaluation, the facts of the case, Appellant's unemployment, and her lack of acceptance of responsibility, as evidenced by her decision to plead *nolo contendere*. Regarding Appellant's mental health, the court noted that the diagnoses in the psychological evaluation—attention deficit hyperactivity disorder, anxiety, and post-traumatic stress disorder—"are not diagnoses that . . .prevent a mother to recognize [sic] that she's not properly taking care of her child." N.T. Sentencing, 2/7/24, at 10. Ultimately, the court determined that "a period of incarceration is necessary [and] that a period of probation would depreciate the seriousness" of the crime. ***Id.*** at 11. The court sentenced Appellant to 8 to 20 months of incarceration. Appellant filed a timely post-sentence motion challenging the discretionary aspects of her sentence, which the court denied.

Appellant timely appealed and complied with the court's order to file a Pa.R.A.P. 1925(b) Statement. The court did not issue a Rule 1925(a) opinion.

Appellant raises the following issues for our review:

Did the [t]rial [c]ourt abuse its discretion in sentencing Appellant?

Appellant's Br. at 4.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987). To obtain our

review, an appellant must (1) preserve the issue at sentencing or in a post-sentence motion; (2) file a timely notice of appeal; (3) include a concise statement of the reasons relied on for appeal pursuant to Pa.R.A.P. 2119(f); and (4) raise a "substantial question that the sentence is appropriate under the [S]entencing [C]ode." *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Here, Appellant filed a timely notice of appeal, preserved her challenge in a post-sentence motion, and included a Pa.R.A.P. 2119(f) Statement in her brief to this Court. Therefore, we must determine if she has raised a substantial question.

We evaluate whether an appellant has raised a substantial question "on a case-by-case basis." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (quotation marks and citations omitted).

In her Rule 2119(f) Statement, Appellant avers that the court abused its discretion by imposing a sentence that was both (1) excessive, without considering mitigating factors and her rehabilitative needs, and (2) inconsistent with 42 Pa.C.S. §§ 9721 and 9725. Appellant's Br. at 11-12. Appellant's claim that the court imposed an excessive sentence and failed to consider (1) the Section 9721(b) factors and (2) whether incarceration was

appropriate under Section 9725 raises a substantial question. ***Commonwealth v. Schroat***, 272 A.3d 523, 527 (Pa. Super. 2022) (recognizing substantial question where appellant asserted that sentencing court imposed an excessive sentence and failed to consider relevant sentencing factors, including rehabilitative needs). Accordingly, we will address the merits of her claim.

*

It is well-settled that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa. Super. 2005) (citation omitted). An abuse of discretion is not merely an error in judgment—"[r]ather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted).

The sentencing court must fashion an individualized sentence that is consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The court must "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Specifically, the court should refer to, *inter alia*, the defendant's "age,

- 4 -

personal characteristics, and [her] potential for rehabilitation." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). Additionally, when sentencing to total confinement, the court must consider "the history, character, and condition of the defendant" and determine if

> (1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;
>
> (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or
>
> (3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725.

When the sentencing court has the benefit of a PSI report, "we presume that [it] was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors" when imposing a sentence. *Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa. Super. 2019).

Finally, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that a standard range sentence, imposed with the benefit of a PSI report, "absent more, cannot be considered excessive or unreasonable").

Appellant argues that the trial court imposed an excessive sentence and failed to consider certain mitigating factors: her "lack of a prior criminal record, the minimal risk she poses to the public," and her rehabilitative needs,

which "would be better served by a sentence of probation or, alternatively, a lesser sentence of incarceration." Appellant's Br. at 13. She also asserts that her sentence is inconsistent with Section 9721 of the Sentencing Code because it "is not necessary to protect the public and does not serve [her] rehabilitative needs[.]" *Id.* Finally, she maintains that her sentence is inconsistent with Section 9725 of the Sentencing Code because there was no "undue risk" that she would commit another crime while on probation; incarceration would not serve her "correctional treatment needs[;]" and a probationary sentence would not "depreciate the seriousness of the crime." *Id.* at 14.

Following our review, we conclude that the court sentenced Appellant based on legitimate sentencing concerns and adequately explained its reasoning on the record. N.T. Sentencing at 9-10. First, as Appellant concedes, her sentence was within the standard range.[2] Appellant's Br. at 7. The court also explained the factors that informed its sentence, including the facts of the case and Appellant's failure to accept responsibility. *Id.* In addition, the court acknowledged that it had read her PSI report and psychological evaluation prior to imposing sentence. *Id.* at 9. Accordingly, we presume that it considered all relevant mitigating factors, including her lack of criminal record and her rehabilitative needs. Finally, our review

_____

[2] The court explained that Appellant's prior record score was 0 and the offense gravity score was 6, and thus, the standard range was 3 to 12 months. N.T. Sentencing at 9.

indicates that Appellant failed to explain to this Court how a term of probation or a shorter term of incarceration would better serve her rehabilitative needs. Therefore, we conclude that the court did not abuse its discretion in sentencing Appellant to 8 to 20 months of incarceration.  This claim, thus, lacks merit.

Following our review, we conclude that Appellant's claim merits no relief. Accordingly, we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2025