J-S40022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MONTEZ PERRIM | : | |
| | : | |
| Appellant | : | No. 2847 EDA 2023 |

Appeal from the Judgment of Sentence Entered October 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000862-2011

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED FEBRUARY 24, 2025**

Montez Perrim appeals from the judgment of sentence imposed after the court revoked his probation. Perrim argues the court erred by imposing a sentence of total confinement without first ordering a pre-sentence investigation ("PSI") report. We affirm.

Perrim's probation arose from his open guilty plea in 2011 to possession of a firearm prohibited, firearms not to be carried without a license, carrying firearms in public in Philadelphia, false reports, and tampering with physical evidence.[1] The court obtained a PSI report and a psychiatric evaluation. *See* Request for Mental Health Evaluation and Presentence Report, 3/17/11; Perrim's Br. at 21-22; Docket Entry #38, 3/21/11.[2] The court imposed an

_____

[1] *See* 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108, 4906(a), and 4910(1), respectively.

[2] Neither the PSI nor the psychiatric evaluation are in the certified record.

aggregate sentence of 11½ to 23 months of incarceration, followed by 20 years of probation.

In 2014, the court revoked Perrim's probation based on new criminal convictions and resentenced him to an aggregate of five years of probation, to be served concurrently with any other probation. *See* Violation of Probation ("VOP") Hearing Order, 6/14/2014, at 1. The court revoked his probation a second time, in 2017, based on new criminal convictions. The court again resentenced him to an aggregate of five years' probation, to be served concurrently to any other probation. *See* VOP Hearing Order, 7/14/2017, at 1.

The instant appeal arises from Perrim's third VOP hearing, in October 2023. The hearing took place because Perrim had incurred new criminal convictions. The hearing also addressed three other dockets on which Perrim had been serving probation. The judge presiding over the hearing was not the same judge who had presided over Perrim's initial sentencing or previous VOP resentencings. The court did not order a PSI report.

The parties informed the court that since his last VOP, Perrim had been arrested in Delaware County in 2020 and convicted of possessing a firearm. N.T., 10/6/23, at 5, 11. He had been sentenced to two to four years' incarceration, followed by three years of probation. *Id.* at 5, 8-9. Perrim had also been convicted of possessing a small amount of marijuana in 2018. *Id.* at 9.

Perrim's probation officer testified that until his 2020 arrest, Perrim had been dutifully reporting to her. *Id.* at 6. She stated Perrim had completed an OSHA training course, received an OSHA certification, and had been employed as a roofer. *Id.* at 8. He was also the victim in a shooting in 2019, and refused to cooperate with the police. *Id.* Perrim's probation officer confirmed that this was the third revocation of Perrim's probation, and that for his first two VOPs, he had been resentenced to further probation. *Id.* at 7. She recommended the court sentence Perrim to a new period of probation to commence once he finished his Delaware County sentence. *Id.* at 8-9.

Perrim's counsel stated that Perrim will be residing in Delaware County following his release, and requested a sentence of probation. *Id.* at 9-10. Perrim apologized to the court. *Id.* at 13. He stated, "I just want to get home to my kids, get back to my life." *Id.* The court asked him about the ages of his children, and whether they also lived in Delaware County. *Id.*

The Assistant District Attorney argued that Perrim should be sentenced to two and a half to five years' incarceration. He argued that Perrim's initial sentence was the result of an open guilty plea to a firearms charge, and that he was also on probation for two convictions of possession of a controlled substance with the intent to deliver for selling heroin and PCP. The Commonwealth explained that in the underlying case, Perrim had shot himself in the leg with a .357 Magnum, and repeated that Perrim had later been the victim of another shooting in 2019. Despite his first-hand knowledge of the dangers of firearms, the Commonwealth argued, Perrim had violated the

probation imposed on his initial firearms violations by committing another firearms violation. ***Id.*** at 11-12.

The court revoked Perrim's probation. It resentenced him on a single count - possession of a firearm prohibited – to an additional one and a half to three years' incarceration, to be served consecutively to his Delaware County sentence. The court imposed no further penalty on the other counts. On the other two cases for which Perrim had violated his probation, the court imposed no further penalty.

The court noted that in the underlying case, Perrim had committed three different firearms violations. ***Id.*** at 15. The court then stated, "I mean you just can't [go] getting arrested for guns and think that nothing is going to happen." ***Id.*** It also stated,

> Just so the record is clear I took into consideration the gravity of the offense, the need[] to provide the community with protection.
>
> I took into consideration Mr. Perrim's prior criminal history, the fact that this was not his first gun conviction. The fact that the one case that I sentenced him to the consecutive sentence was in fact another gun conviction.
>
> I also took into consideration the comments of counsel and the comments of Mr. Perrim during his right of allocution.

***Id.*** at 16.

Perrim filed a post-sentence motion. Among other things, he asserted the court had violated the law by failing to order a PSI report or state its reasons for dispensing with one. Perrim appealed before the court decided the motion or expressly granted reconsideration. ***See*** Pa.R.Crim. 708(E)

(providing motion to modify sentence filed after revocation of probation does not toll 30-day appeal period), comment (stating trial court may expressly grant reconsideration within the 30-day appeal period).

Perrim raises one issue:

> Did not the court err by imposing a total confinement sentence without first ordering a presentence report or documenting its reasons for dispensing with one when it had virtually no information regarding appellant's background to fashion an individualized sentence as required by law?

Perrim's Br. at 3.

Perrim's question goes to the discretionary aspects of his sentence. We must therefore first consider whether Perrim's Rule 2119(f) statement raises a substantial question that his sentence is inconsistent with a specific provision of the Sentencing Code or contrary to fundamental sentencing norms. *See* ***Commonwealth v. Ali***, 197 A.3d 742, 760 (Pa.Super. 2018); Pa.R.A.P. 2119(f).[3]

In his statement, Perrim argues the court violated a fundamental sentencing norm by failing to order a PSI report or state its reasons for dispensing with one. Perrim's Br. at 8-9 (citing Pa.R.Crim.P. 702(A) and

_____

[3] Perrim has satisfied the other requirements for review of a discretionary sentencing claim; he has filed a timely appeal, preserved his issue in a post-sentence motion, and has included a Pa.R.A.P. 2119(f) statement in his brief. *See **Ali***, 197 A.3d at 760; ***see also id.*** at 763 n.13 (finding appellant preserved challenge to lack of new PSI report by raising it in a post-sentence motion); ***Commonwealth v. Carrillo–Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (finding appellant preserved challenge to lack of new PSI report by raising it in post-sentence motion, even where appellant waived right to PSI report for original sentencing).

***Commonwealth v. Flowers***, 950 A.2d 330 (Pa.Super. 2008)). Perrim points out that the VOP judge was not the same judge who had presided over Perrim's original sentencing or any of his VOP resentencings. ***Id.*** at 9.

An assertion that the court abused its discretion by failing to order a PSI report raises a substantial question. ***See Ali***, 197 A.3d at 763. We therefore turn to the merits of Perrim's claim.

We review a challenge to the discretionary aspects of a sentence for a manifest abuse of discretion. ***See id.*** at 761. The appellant must establish "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (citation omitted).

Rule 702(A)(1) provides that a sentencing court may, in its discretion, order a PSI report. Pa.R.Crim.P. 702(A)(1). A PSI report contains a victim impact statement and "information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence." Pa.R.Crim.P. 702(A)(3), (A)(4). If the court decides not to order a PSI report, and the defendant may be sentenced to a year or more of incarceration, the court must state its reasons for dispensing with the PSI report. Pa.R.Crim.P. 702(A)(2)(a).

A PSI report is not required in all instances. ***See Commonwealth v. Finnecy***, 135 A.3d 1028, 1032 (Pa.Super. 2016). The failure to order a PSI report "may be harmless when the trial court elicits sufficient information during the colloquy to substitute for a PSI report, thereby allowing a fully

informed decision." **Ali**, 197 A.3d at 763 (citing **Carrillo–Diaz**, 64 A.3d at 727.

In **Commonwealth v. Carrillo-Diaz**, we held the court had sufficient information to replace the need for a PSI report, such that any error in failing to state on the record its reasons for obtaining one was harmless. **Carrillo-Diaz**, 64 A.3d at 727 (citing **Flowers**, 950 A.2d at 333). The resentencing court had previously presided over the initial sentencing hearing, where the defendant had informed the court that he "had attended college for three years, was employed, did not suffer from any mental health problems, has two children, and has family ties to Philadelphia." **Id.** at 727. The court also had reviewed a summary of the defendant's underlying offense, criminal record, employment, and probation violation history, as well as the probation department's Assessment and Treatment Alternatives report. **Id.** at 727-28. The court considered an email from the defendant's psychologist about his missed treatment, and questioned defense counsel on the defendant's employment while on probation. The court also learned from the defendant's employer that the defendant had "disappeared" from his job, from which the court concluded that the defendant had lied that his employment had interfered with his probation requirements. **Id.** The court heard from the defendant's probation officer regarding the defendant's failure to rearrange his work schedule to comply with his treatment and community service requirements. **Id.** at 728. The court also spoke with the defendant, who

discussed his chemotherapy, medication, trouble finding employment, and commitment to paying the fines and costs. *Id.*

We found that the court had obtained sufficient information to render "a fully informed, individualized sentencing decision." *Id.* at 727. We added that, moreover, the defendant had not identified any information that he contended the sentencing court would have learned if it had ordered a PSI. *Id.* at 729 n.5. We distinguished **Flowers**, where this Court had not found the VOP court's failure to obtain a PSI or state its reasons for dispensing with one harmless. We explained that there, the VOP court did not have "any information concerning the defendant besides a list of the crimes he had committed and that there may have been technical violations of probation." **Carrillo-Diaz**, 64 A.3d at 727 n.4.

The court here had sufficient information to impose a "fully informed, individualized" sentence. **Carrillo–Diaz**, 64 A.3d at 727. Before sentencing Perrim, the VOP resentencing court learned the basic facts of Perrim's underlying firearms convictions; his subsequent firearms and drug-related convictions constituting his violations of parole; that he had three minor children, an OSHA certification, and had been employed as a roofer; and that he had been the victim of a shooting in 2019, and had not cooperated with the ensuing investigation. In its Rule 1925(a) opinion, the court states that in addition to the information presented at the hearing, it reviewed thirteen

***Gagnon II***[4] summaries. ***See*** Trial Court Opinion, filed Feb. 2, 2024, at 7 (unpaginated). These list Perrim's arrests, periods of detention, convictions, and sentences since his initial sentencing in this case. They also summarize Perrim's engagement with probation supervision, such as the dates he reported, and that he provided proof that he began employment as a roofer and began work in March 2019. ***See, e.g.***, ***Gagnon II*** Summary, 9/29/22, at 2. This case is thus akin to ***Carrillo-Diaz***, and unlike ***Flowers***, where the court knew nothing beyond the defendant's criminal history and that he might have committed a technical violation.

Moreover, as the Commonwealth argues, Perrim has not suggested any mitigating evidence a PSI report would have revealed that the sentencing court did not otherwise learn. We therefore find Perrim has failed to establish the court's sentence constituted an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/24/2025

_____

[4] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).