J-S48014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTINA RUIZ-RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 3913 EDA 2017 |

Appeal from the Judgment of Sentence November 3, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003946-2011

BEFORE:   DUBOW, J., MURRAY, J., and PLATT, J.*

JUDGMENT ORDER BY DUBOW, J.:               **FILED SEPTEMBER 21, 2018**

Appellant, Christina Ruiz-Rodriguez, appeals from the November 3, 2017 Judgment of Sentence entered in the Bucks County Court of Common Pleas following the revocation of her probation.  We affirm.

The facts of this matter are largely immaterial to our disposition.  On August 29, 2011, Appellant entered a guilty plea to Burglary and Criminal Conspiracy to Commit Burglary.[1]  That same day, the trial court sentenced Appellant to time served to 23 months' incarceration for the Burglary conviction and a consecutive term of two years' probation for the Conspiracy conviction.  As a condition of her sentence, the court required Appellant to obtain a drug and alcohol evaluation and comply with all treatment recommendations.  The court immediately paroled Appellant to a recovery house in Philadelphia.

---

[1] 18 Pa.C.S. § 3502(a) and 18 Pa.C.S. § 903, respectively.

---

*   Retired Senior Judge assigned to the Superior Court.

Over the course of the following 6 years, Appellant violated the terms of her probation with a number of technical violations and one direct violation resulting from a prostitution arrest in Philadelphia. Ultimately, on November 3, 2017, the revocation court sentenced Appellant to 18 to 36 months' incarceration.

On November 13, 2017, Appellant filed a Petition for Reconsideration of Sentence. In her Petition, she alleged that, at the time of sentencing, the revocation court "believed that there were no alternatives but to serve the sentence in the state correctional facility." Petition, 11/13/17, at ¶ 4. Appellant, thus, requested the opportunity to "present additional information as to possible long-term in-patient treatment programs available in Pennsylvania . . . based on new information that was not available at sentencing." *Id.* at ¶¶ 5-6. Notably, Appellant did not raise a challenge to the discretionary aspects of her sentence.

Following a hearing, the revocation court denied Appellant's Petition on November 28, 2017. This timely appeal followed. Both Appellant and the revocation court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Whether the trial court abused its discretion by imposing a sentence of total incarceration of eighteen (18) to thirty-six (36) months upon the Appellant for violating her probation for being discharged from an inpatient drug treatment facility while experiencing a crisis pregnancy when the facility prohibited her from receiving her prescribed mental health medication in addition to being assaulted by another participant in that program?

Appellant's Brief at 4.

Appellant's issue challenges the discretionary aspects of her sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 918 (Pa. Super. 2010) (a claim that the court failed to consider mitigating factors challenged the discretionary aspects of the defendant's sentence). Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910, 12 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010); *Sierra*, 752 A.2d at 912–13.

In the instant case, Appellant did not preserve her challenge to the discretionary aspects of her sentence at sentencing or in her Petition for Reconsideration of Sentence. In particular, Appellant did not raise any claim alleging an abuse of the sentencing court's discretion; identify how or in what

manner the court violated the sentencing code; allege that her sentence was excessive or unreasonable; or allege that the court failed to consider any required sentencing factor, or improperly weighed evidence. As noted *supra*, Appellant merely sought reconsideration for the opportunity to present "additional information as to possible long-term in-patient treatment programs" as an alternative to a sentence in the state correctional facility. Petition at ¶¶ 4-5. Given this fatal oversight, Appellant has waived her issue on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/18

- 4 -