J-S04023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CASEY MICHAEL STIDFOLE | : | |
| | : | |
| Appellant | : | No. 1180 MDA 2017 |

Appeal from the Judgment of Sentence Entered November 23, 2016
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000030-2014,
CP-41-CR-0000103-2014, CP-41-CR-0000535-2014

BEFORE:  SHOGAN, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 19, 2018**

Appellant, Casey Michael Stidfole, appeals from the Judgment of Sentence entered on November 23, 2016 in the Lycoming County Court of Common Pleas following the revocation of his probation.  We affirm.

The relevant facts and procedural history of this matter are as follows. On June 27, 2014, Appellant entered pleas of guilty to Retail Theft, Theft by Unlawful Taking, and Burglary.[1,2]  As part of Appellant's plea agreement, the Commonwealth waived Appellant's ineligibility for the State Intermediate Punishment ("SIP") program.  The trial court deferred sentencing for

_____

[1] Appellant entered guilty pleas at docket numbers 30-2014; 103-2014; and 535-2014.

[2] The transcript from Appellant's guilty plea hearing does not appear in the record.

Appellant to undergo an SIP program evaluation to determine his eligibility for the program.

On January 27, 2015, the court held a sentencing hearing,[3] after which it sentenced Appellant to complete the SIP program for his conviction of Burglary at an unrelated docket number.[4] The court also sentenced Appellant to one year of probation for each of these three other convictions. The court ordered Appellant to serve each of these terms of probation consecutive to one another and consecutive to his SIP sentence. One of the conditions of Appellant's probation was his successful completion of the SIP sentence.

On August 3, 2016, the court revoked Appellant's SIP and probation sentences because he had been expelled from the SIP program. The court resentenced Appellant to time-served on the crime for which it imposed SIP, and consecutive terms of six months' to two years' less one day incarceration for his Retail Theft conviction; one year of probation for his Theft by Unlawful Taking conviction; and four years of probation for his Burglary conviction.

On October 27, 2016, Appellant was paroled and directed to immediately report to the Adult Probation Office ("APO"). As conditions of

_____

[3] The transcript from Appellant's January 27, 2015 sentencing hearing is not included in the record.

[4] Docket Number 2145-2013.

his parole and probation, the court ordered Appellant, *inter alia*, to report to his AOP officer as directed, refrain from using drugs, complete the Vivitrol[5] Program, complete drug treatment, and complete the Re-entry Services Program.

On November 4, 2016, Appellant was detained on probation and parole violations. At a hearing on November 23, 2016, Appellant admitted that he violated his probation and parole by using methamphetamines and cocaine. The APO testified that Appellant failed to report for treatment and APO visits, attempted to avoid his Vivitrol shot, and lied to his APO officer. The court, therefore, revoked Appellant's probation and parole and sentenced Appellant to serve the balance of his Retail Theft sentence and a three to seven-year term of incarceration for his Burglary conviction. The court vacated Appellant's sentence of probation on his Theft by Unlawful Taking conviction, and imposed a sentence of no further penalty.

On December 9, 2016, Appellant filed a Motion to Reconsider Sentence *Nunc Pro Tunc*, in which he alleged that the court imposed an excessive sentence. In particular, Appellant complained that the court failed to "consider the loss of his best friend and his mother by homicide and its

---

[5] Vivitrol is a non-addictive extended-release injectable drug designed to prevent opioid and alcohol dependence after detox by physiologically reducing cravings.

effect on him[,]" his immediate admission that he had relapsed, and the fact that he turned himself in to the APO. *See* Motion, 12/9/16, at ¶¶ 5-6.

On December 12, 2016, the court denied Appellant's Motion. Appellant did not file a direct appeal from his Judgment of Sentence.

On March 6, 2017, the trial court entered an Order on the docket referencing a letter Appellant had sent to the court requesting the reinstatement of his direct appeal rights.[6] The court treated this letter as a Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and appointed PCRA counsel.

On April 5, 2017, counsel filed an Amended PCRA Petition. On June 30, 2017, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. The [t]rial [c]ourt committed an abuse of discretion by imposing a manifestly excessive aggregate sentence of three to seven years['] incarceration following technical supervision violations without properly considering the general principles of sentencing.

2. The [t]rial [c]ourt committed an abuse of discretion by imposing a sentence of total confinement following revocation of Appellant's supervision without considering the record of Appellant's original sentencing proceeding in violation of 42 Pa.C.S. § 9771(d).

---

[6] This letter does not appear in the certified record.

Appellant's Brief at 5.

Appellant's first issue challenges the discretionary aspects of his sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons the sentencing court's actions violated the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010); *Sierra*, 752 A.2d at 912–13.

In the instant case, Appellant did not preserve the specific challenge to the discretionary aspects of his sentence that he seeks to raise on appeal either at sentencing or in his Motion to Reconsider Sentence. In particular, Appellant did not raise any claim alleging an abuse of the sentencing court's discretion; identify how or in what manner the court violated the sentencing

code; allege that his sentence was excessive or unreasonable; or allege that the court failed to consider any required sentencing factor or improperly weighed evidence. As noted *supra*, Appellant merely alleged that the court failed to "consider the loss of his best friend and his mother by homicide and its effect on him[,]" his immediate admission that he had relapsed, and that he turned himself in to the APO. *See* Motion, 12/9/16, at ¶¶ 5-6.

Given this fatal oversight, Appellant has waived this issue on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[7]

In his second issue, Appellant claims that the trial court erred in not considering the Notes of Testimony of Appellant's original sentencing hearing before imposing a sentence of total confinement at his revocation hearing.

---

[7] Appellant relies on *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa. Super. 2006), in support of his argument that he did not waive this issue on appeal because "the record does not reveal that he was apprised on the need to file post-sentence motions to preserve issues for appeal." Appellant's Brief at 16. In *Malovich*, the defendant sought to challenge the discretionary aspects of his sentence on appeal, but failed to file **any** post-sentence motion preserving the claim. This Court concluded that, because the sentencing court did not inform the defendant that he could file such a motion, the defendant's failure to preserve his issue in a post-sentence motion did not result in waiver of the claim on appeal.

Here, although the Notes of Testimony confirm that the court did not inform Appellant that he could or should file a post-sentence motion, Appellant did, in fact, file a Motion to Reconsider Sentence in which he attempted to challenge the discretionary aspects of his sentence on grounds other than those presented in his Brief to this Court. Accordingly, because *Malovich* is factually inapposite, Appellant's reliance on it is misplaced.

Appellant's Brief at 19-21. We find this issue similarly waived because Appellant did not raise it at his sentencing or in his Motion to Reconsider Sentence.

Moreover, even if Appellant had not waived this issue, he would not be entitled to relief. This Court's review of the Notes of Testimony of Appellant's November 16, 2016 Sentencing Hearing reveals that the sentencing court, which had presided over every stage of this proceeding—from Appellant's original guilty plea hearing to the resentencing that is the subject of the instant appeal—ably and thoroughly considered the full history of this matter. *See* Trial Ct. Op., 10/13/17, at 7-12. The court acknowledged Appellant's mental health and drug dependence issues and noted its repeated attempts over the course of three years to assist him in obtaining treatment by avoiding incarcerating Appellant when possible, and, when incarceration was required, in sentencing him to county jail instead of state prison. The court further noted its desire that Appellant "succeed in the various programs to which he was sentenced to complete so that he would be a healthy and productive member of society." *Id.* at 10. The court observed that, after so many failed efforts, Appellant "left the court with no choice but to revoke his probation[.]" *Id.* Thus, we would conclude that, in the instant case, the sentencing court did not abuse its discretion in failing to refer specifically to the Notes of Testimony from Appellant's original sentencing hearing.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2018