J. S58035/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :
  :
JOHN E. LONGENDORFER,   :   No. 558 WDA 2018
  :
Appellant   :

Appeal from the Judgment of Sentence, November 27, 2017,
in the Court of Common Pleas of Venango County
Criminal Division at Nos. CP-61-CR-0000391-2017,
CP-61-CR-0000581-2017

BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBEER 1, 2018**

John E. Longendorfer appeals from the November 27, 2017 judgment of sentence imposed after he pled guilty to one count each of harassment and retail theft.[1]  After careful review, we affirm.[2]

The relevant facts and procedural history of this case are as follows. On April 22, 2017, appellant was arrested in connection with his theft of $508.31 worth of merchandise from Wal-Mart in Cranberry Township, Venango County, Pennsylvania.  Thereafter, between July and mid-August 2017, appellant mailed four different items to an individual who has an

---

[1] 18 Pa.C.S.A. §§ 2709(a)(3) and 3929(a)(1), respectively.

[2] The Commonwealth has indicated that it will not be filing a brief in this matter and is relying on the reasoning set forth in the trial court's May 22, 2018 opinion.

active Protection From Abuse order against him. On September 28, 2017, appellant pled guilty at CP-61-CR-0000581-2017 to one count of harassment.[3] Thereafter, on October 23, 2017, appellant pled guilty at CP-61-CR-0000391-2017 to one count of retail theft. Following a hearing, the trial court sentenced appellant to an aggregate term of 17 to 36 months' imprisonment on November 27, 2017. On December 7, 2017, appellant filed a post-sentence motion for, *inter alia*, modification of his sentence. On March 22, 2018, the trial court filed an opinion and order denying appellant's post-sentence motion. This timely appeal followed on April 19, 2018. On April 20, 2018, the trial court directed appellant to file a Pa.R.A.P. 1925(b) statement within 21 days. Appellant complied and filed a timely Rule 1925(b) statement on May 10, 2018. Thereafter, on May 22, 2018, the trial court filed a comprehensive Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Whether the [trial] court abused its discretion by imposing a sentence without giving consideration to all the relevant sentencing factors under 42 Pa. C.S.A. Section 9721(b), including [appellant's] rehabilitative needs and the gravity of the offense and the sentence is contrary to the fundamental norms which underlie the sentencing process and guidelines[?]

Appellant's brief at 4.

---

[3] The Commonwealth *nolle prossed* the remaining charge of stalking, 18 Pa.C.S.A. § 2709.1(a)(1).

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Where an appellant challenges the discretionary aspects of his sentence, as is the case here, the right to appellate review is not absolute. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Here, the record reveals that appellant filed a timely notice of appeal and challenged the discretionary aspects of his sentence in his December 7, 2017 post-sentence motion. Appellant also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). (**See** appellant's brief at 7-8.) Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

In his Rule 2119(f) statement and brief, appellant argues that the trial court failed to "adequately consider all of the relevant sentencing factors" set forth in Section 9721(b), including his rehabilitative need for physical therapy and the gravity of his offenses. (Appellant's brief at 8, 10-11.) We have recognized that a claim that the sentencing court failed to consider individualized circumstances in fashioning a sentence, including an appellant's rehabilitative needs, raises a substantial question. ***See***

*Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa.Super. 2013) (stating, "appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review."), *appeal denied*, 91 A.3d 161 (Pa. 2014). Accordingly, we proceed to consider the merits of appellant's discretionary sentencing claim.

Contrary to appellant's contention, our review of the record in this matter reveals that the trial court considered and weighed numerous factors in fashioning appellant's sentence, including appellant's rehabilitative need for physical therapy and the gravity of his offenses. In its March 22, 2018 opinion in support the order denying appellant's post-sentence motion for modification of sentence, the trial court set forth ample reasons as to why appellant's discretionary sentencing claim is meritless. (*See* trial court opinion, 3/22/18 at 22-27; certified record at # 14.) At the November 27, 2017 sentencing hearing, the trial court stated that it considered all the relevant sentencing factors in fashioning appellant's 17 to 36-month term of imprisonment:

> [T]he Court has considered [appellant's] age, his education, **the condition of his health**, family history, employment history and all of the other information contained in the presentence investigation report including [appellant's] extensive prior criminal record. The Court has considered [appellant's] statement made to the Court at sentencing as well as the report from the Venango County Prison. The Court has considered the statements of defense counsel at sentencing. The

> Court has considered the recommendations made by the Commonwealth. The Court has considered the victim impact statement. **The Court has considered the circumstances surrounding these offenses.** The Court has considered the sentencing guidelines and all other relevant factor[s].

Notes of testimony, 11/27/17 at 18-19 (emphasis added).

Although the record reflects that the trial court did not specifically mention appellant's rehabilitation during the sentencing hearing, the trial court was clearly aware of appellant's rehabilitative needs. Both appellant and his trial counsel indicated that appellant attends rehabilitation sessions twice a week at West Park Rehab for problems with his walking and that he is making progress on his balance. (***Id.*** at 16-17.) Additionally, the trial court was in possession of a PSI report and, as noted, the court considered it. (***See id.*** at 18.) Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 95 A.3d 275 (Pa. 2014).

Accordingly, for all the foregoing reasons, we find that appellant's challenge to the discretionary aspects of his sentence must fail. Therefore, we affirm the November 27, 2017 judgment of sentence.

Judgment of sentence affirmed.

J. S58035/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/1/2018