J. S21034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                          :             PENNSYLVANIA
           v.              :
                          :
HANEEF TUCK,                :          No. 2546 EDA 2016
                          :
           Appellant     :

Appeal from the Judgment of Sentence, July 22, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004493-2015

BEFORE: STABILE, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED AUGUST 05, 2019**

Haneef Tuck appeals from the July 22, 2016 aggregate judgment of sentence of 25 to 50 years' imprisonment imposed after a jury found him guilty of aggravated assault, burglary, criminal trespass, and two counts each of robbery, criminal conspiracy, and theft by unlawful taking or disposition.[1] After careful review, we affirm.

The trial court summarized the extensive factual history of this case in its June 12, 2018 opinion, and we need not reiterate it here. (**See** trial court Rule 1925(a) opinion, 6/12/18 at 5-17.) In sum, in the early morning hours of February 27, 2015, appellant and three cohorts forcibly entered a tattoo parlor owned by Kasheef Murray after observing him and Isaiah Brown win

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3502(a)(3), 3503(a)(1)(ii), 3701(a)(1)(i) and (ii), 903, and 3921(a), respectively.

several hundred dollars at the SugarHouse Casino in Philadelphia, shot Murray in the leg, and robbed them of $795 and several other items. (Notes of testimony, 5/17/16 at 81-84, 93-99.) On March 28, 2015, appellant was arrested in connection with this incident and charged with robbery and related offenses. On May 16, 2016, appellant proceeded to a jury trial alongside co-defendant Aaron Brunson. Following a three-day trial, the jury found appellant guilty of the aforementioned offenses.[2] Following the completion of a pre-sentence investigation report and a sentencing hearing, the trial court sentenced appellant to an aggregate term of 25 to 50 years' imprisonment on July 22, 2016.[3] Appellant did not file any post-sentence motions. This timely appeal followed on August 9, 2016.[4]

---

[2] Appellant was found not guilty of carrying a firearm without a license and carrying a firearm on public streets or public property in Philadelphia, and the Commonwealth **nolle prossed** the charge of persons not to possess, use, manufacture, control, sell, or transfer firearms. **See** 18 Pa.C.S.A. §§ 6106(a)(1), 6108, and 6105(a)(1), respectively.

[3] Specifically, the trial court sentenced appellant as follows: 5 to 10 years' imprisonment for aggravated assault; 5 to 10 years' imprisonment for robbery (Count 2), to be served consecutive to the sentence imposed for aggravated assault; 5 to 10 years' imprisonment for burglary, to be served consecutive to the sentence imposed for robbery (Count 2); 5 to 10 years' imprisonment for criminal conspiracy (Count 8), to be served consecutive to the sentence imposed for burglary; 5 to 10 years' imprisonment for criminal conspiracy (Count 13), to be served concurrently with the sentence imposed for robbery (Count 8); and 5 to 10 years' imprisonment for robbery (Count 15), to be served consecutively with the sentence imposed for robbery (Count 8). (Notes of testimony, 7/22/16 at 24-25; **see also** sentencing order, 7/22/16.)

[4] The record reflects that appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

I.    Did the trial court err and abuse its discretion by imposing an aggregate sentence of 25-50 years['] imprisonment imposing five consecutive sentences that resulted in an aggregate sentence of 25-50 years['] imprisonment?

II.   Did appellant's trial counsel provide ineffective assistance of counsel where he failed to object to the consecutive nature of the five sentences imposed, failed to move for reconsideration of sentence on the grounds that the aggregate sentence was manifestly unjust and otherwise failed to take appropriate steps to preserve appellant's claim of an unfair sentence for appellate review?

Appellant's brief at 2.

We begin by addressing appellant's claim that his aggregate judgment of sentence of 25 to 50 years' imprisonment was "manifestly excessive" and that "the trial court abused its discretion in imposing five consecutive sentences[.]" (*Id.* at 14.)

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [a]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Appellant's claims challenge the discretionary aspects of his sentence. Where an appellant challenges the discretionary aspects of his sentence, the right to appellate review is not absolute. *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Here, appellant filed a timely notice of appeal and included a separate statement of reasons relied upon for allowance of appeal in his brief, as required by Pa.R.A.P. 2119(f). Appellant, however, failed to preserve his sentencing claims by objecting at the sentencing hearing or filing a post-sentence motion. Appellant, in turn, acknowledges his failure to do so. (*See* appellant's brief at 4.) Accordingly, these claims are waived. *See Commonwealth v. Evans*, 901 A.2d 528, 533–534 (Pa.Super. 2006) (stating, "[o]bjections to the discretionary aspects of a sentence are generally

waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing." (citation omitted)), *appeal denied*, 909 A.2d 303 (Pa. 2006).

Appellant next argues that his trial counsel was ineffective by failing "to object to the consecutive nature of the five sentences imposed"; failing "to move for reconsideration of sentence on the grounds that the aggregate sentence was manifestly unjust"; and failing to preserve his sentencing claims for appellate review. (Appellant's brief at 17-18.)

We find these claims are unreviewable on direct appeal. In *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), our supreme court "h[e]ld that, as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738. Several limited exceptions to this rule have since been recognized in this Commonwealth. In *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003), *cert. denied*, 540 U.S. 1115 (2004), the supreme court recognized a limited exception to *Grant* where there exists an extensive record regarding the ineffectiveness claims, including a full hearing where counsel testified, and the trial court authored an opinion addressing the ineffectiveness claim. *Id.* at 853-855. Likewise, in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), our supreme court recognized that claims of ineffective assistance of counsel may be reviewed on direct appeal "if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and

express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.[5]."
***Id.*** at 564 (footnotes omitted).

Here, the criteria for invoking the exceptions set forth in ***Bomar*** and ***Holmes*** are not present. There was no evidentiary hearing conducted in this matter wherein appellant demonstrated "good cause" for seeking unitary review of his ineffectiveness claims nor made a knowing waiver of future review under the PCRA, and the trial court did not address the substance of appellant's ineffectiveness claims in its opinion. As such, the proper disposition is to dismiss appellant's ineffectiveness claims without prejudice to his right to proceed pursuant to the PCRA.

Based on the foregoing, we affirm the trial court's July 22, 2016 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/19

---

[5] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.