J-S54034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAY E. REED | : | |
| | : | |
| Appellant | : | No. 354 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 17, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000349-2015,
CP-31-CR-0000372-2015

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED JULY 31, 2020**

Appellant, Jay E. Reed, appeals from the January 17, 2019 Judgments of Sentence entered in the Huntington County Court of Common Pleas following his conviction of one count of Rape of a Child[1] at Docket Number 349-2015 and two counts of Rape of a Child at Docket Number 372-2105. After careful review, we affirm Appellant's Judgments of Sentence.

The relevant facts and procedural history are as follows.  On July 9, 2015, and August 6, 2015, the Commonwealth charged Appellant with numerous sexual offenses against four child victims.  Around the same time, federal authorities charged Appellant in the U.S. District Court with offenses related to production of child pornography (the "federal case").  By

_____

[1] 18 Pa.C.S § 3121(c).

agreement, the Commonwealth delayed prosecution of Appellant's state charges pending resolution of his federal case. Appellant ultimately pleaded guilty to all charges in the federal case.

While awaiting sentencing in his federal case, on May 4, 2018, Appellant entered guilty pleas in state court to three charges of Rape of a Child. The record indicates that Appellant's plea counsel misinformed Appellant that the maximum penalty for the offense of Rape of a Child is 15 years, when in fact, as a first-degree felony, Rape of a Child carries a 20-year maximum sentence. During the court's plea colloquy, Appellant indicated that he understood that the maximum penalty is 20 years. Despite the 20-year maximum sentence, owing to Appellant's counsel's confusion, rather than impose the maximum penalty at each charge, the trial court instead imposed three consecutive 7½- to 15-year sentences, to run concurrently with his federal sentence.[2] Appellant did not make a request to withdraw his guilty pleas, and did not file a Post-Sentence Motion.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Should the trial court have allowed [Appellant] to withdraw his guilty plea, when it was apparent that he had been advised by counsel that the maximum sentence would be no more than his

---

[2] Following Appellant's guilty plea in his federal case, the federal court imposed an aggregate term of 70 years' incarceration.

- 2 -

minimum federal sentence, and [Appellant] did not expect the length of sentence imposed by the trial court?

2. Did the trial court impose an excessive sentence[] when the sentence imposed was far beyond the expectation of [Appellant based on the agreement between [Appellant] and the Commonwealth?

Appellant's Brief at 5.

In his first issue, Appellant claims that the trial court should have permitted him to withdraw his guilty plea because the court imposed a sentence in excess of his expectation. *Id.* at 11. He asserts that he expected to receive a maximum sentence of not more than 15 years and instead received a sentence three times that long. *Id.*

"[T]here is no absolute right to withdraw a guilty plea." *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291 (Pa. 2015). We review the trial court's decision not to permit a defendant to withdraw his guilty plea for an abuse of discretion. *Id.* at 1291-92.

As noted above, Appellant did not move, either orally or in writing, to withdraw his guilty plea.[3] The court, therefore, could not have abused its discretion in refusing to permit Appellant to withdraw his guilty plea.

In his second issue, Appellant claims that the trial court imposed a manifestly excessive sentence because it exceeded his understanding of his plea agreement. Appellant's Brief at 11-13. This claim challenges the discretionary aspects of his sentence.

_____

[3] In his Brief to this Court, Appellant concedes that he did not request to withdraw his guilty plea. *See* Appellant's Brief at 11.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. *See* 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). "An appellant must articulate the reasons the sentencing court's actions violated the [S]entencing [C]ode." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

Appellant met the first element by filing a timely Notice of Appeal. However, he fails to satisfy the second element, as the issue was not properly preserved. To preserve a challenge to the discretionary aspects of his sentence, a defendant must raise the issue at sentencing or in a post-sentence motion. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004); *see Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015) (noting that the trial court must be given the opportunity to reconsider its

sentence either at sentencing or in a post-sentence motion). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *McAfee*, 849 A.2d at 275 (citation omitted).

Here, Appellant failed to raise his claim at the sentencing hearing or in a post-sentence motion. Therefore, Appellant has waived his challenge to the discretionary aspects of his sentence.[4]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/31/2020

---

[4] Appellant also failed to satisfy the third and fourth elements by neglecting to include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f) and failing to articulate whether the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.