J-S12040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL L. FRANKENFIELD | : | |
| | : | |
| Appellant | : | No. 2541 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000507-2018

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 26, 2022**

Russell L. Frankenfield ("Appellant") appeals from the Judgment of Sentence imposed following his guilty plea to Simple Assault, 18 P.S. §2701(a)(1). He challenges the discretionary aspect of his sentence, asserting that the court abused its discretion by failing to acknowledge sentencing factors set forth in 42 Pa.C.S. § 9721. After careful review, we vacate and remand for resentencing.

The facts relevant to Appellant's guilty plea are as follows. On May 17, 2018, a patrol officer responded to a 911 report of domestic violence at a home where he interviewed the victim who showed signs of injury. The victim explained that she and Appellant had an altercation that became physical. N.T. Plea, 7/6/21, at 10. The police officer's affidavit of probable cause also indicated that the victim alleged that Appellant tried to strangle her, held a gun to her face, and threatened to kill her before she was able to lock herself

in the bathroom and call 911. Affidavit of Probable Cause, 3/17/18. Police officers arrested Appellant and found a firearm in his car.

On June 5, 2018, the Commonwealth charged Appellant with six offenses: two counts of simple assault, and one count each of recklessly endangering another person, terroristic threats, harassment, and strangulation. Appellant waived the preliminary hearing.

On July 6, 2021,[1] the court held a plea hearing at which the Commonwealth stated that the simple assault charge to which Appellant intended to plead guilty was "based on a physical assault as stated in the last sentence of the first paragraph of the affidavit," *i.e.*, "She [the victim] then stated the argument turned physical and the actor pulled her out of bed and began to choke her." N.T. Plea, at 7-8; Affidavit of Probable Cause. In exchange for Appellant's guilty plea, the Commonwealth agreed to *nolle pros* the remaining five charges and agreed not to ask the court to bar Appellant from owning or possessing firearms or seek a deadly weapons enhancement. The court conducted a thorough plea colloquy informing Appellant that, among other things, the standard range sentence could be "anywhere between probation and one month's incarceration on the low end, with a maximum of 24 months." ***Id***. at 9. The court accepted Appellant's plea as voluntary, knowing, and intelligent and deferred sentencing.

_____

[1] The docket indicates that in the three years between Appellant's arrest and the guilty plea hearing, the parties each obtained multiple trial continuances. On May 19, 2021, the parties entered a guilty plea "stipulation" to one count of simple assault and the court scheduled the plea hearing for July 6, 2021.

Neither party requested a pre-sentence investigation, and the court did not order one.

On October 19, 2021, the court held a sentencing hearing. After reviewing the sentencing guidelines worksheet with the court, Appellant's counsel argued that a probationary term would be the appropriate sentence because Appellant has had no contact with the victim, "has been compliant with all terms and conditions imposed upon him both by the [c]ourt, by the District Attorney's Office as far as any conditions he's followed [sic]," "there's been no incidents since the event happened, . . . he's adapted his ways, his behavior. He is employed. . . . [and h]e has no prior record." N.T. Sentencing, 10/19/21, at 2, 5-6. The Commonwealth added only that the sentencing guidelines worksheet included $1,234.10 in restitution for the victim's medical bills. *Id*. In response to the court's invitation to speak, Appellant stated, "I just apologize for, um, taking up too much time with this legal situation I got myself into and I'm just trying to move on with my life." *Id*.

The court then sentenced Appellant to a term of incarceration of one month to two years less one day, 100 hours of community service, $1,234.10 in restitution, court costs, and fees. *Id*. Appellant's counsel immediately asked the court to reconsider its imposition of incarceration, emphasizing that Appellant had no prior record and the victim had not participated in the prosecution of this case except to withhold approval of ARD in 2018. *Id*. at 8-9. The Commonwealth, however, added that the victim had submitted a victim impact statement in July 2018. *Id*. at 8. In response, the court

- 3 -

informed Appellant that it would not require him to be remanded immediately. After discussion of Appellant's post-sentence rights, the court directed Appellant to report to the county jail one month later, on November 19, 2021. *Id.* at 14.

Appellant timely filed a post-sentence motion asking the court to reconsider the sentence of incarceration. The court held a hearing on the motion on November 16, 2021, at which Appellant testified about his employment. After discussion with counsel regarding alternative sentences, the court indicated it would also consider directing that Appellant serve his sentence over consecutive weekends.

On November 18, 2021, the court denied the post-sentence motion in part, and modified the sentence so that Appellant could serve his period of incarceration over consecutive weekends.

Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review, reordered:[2]

1. Whether the trial court abused its discretion in sentencing the Appellant to a period of incarceration with said sentence being

---

[2] Appellant's brief addresses these three issues together, in contravention of our rules of appellate procedure requiring the argument to "be divided into as many parts as there are questions to be argued," with headings signifying "the particular point treated therein" and "followed by such discussion and citation of authorities as are deemed pertinent" and reference to the record where the matter was "raised or preserved below." Pa.R.A.P. 2119 (a)-(c), (e). *See also* Pa.R.A.P. 2101 (requiring conformance with briefing rules). Despite this omission, we are nonetheless able to address Appellant's claims.

in the high end of the standard sentencing guidelines for the charge of Simple Assault.

2. Whether the trial court erred in making reference to the probable cause affidavit as a basis for imposing the sentence where the Appellant did not plead guilty to all the facts in the probable cause affidavit.

3. Whether the trial court erred in making reference to the alleged factual events that may have not been proven or admitted to by the Appellant in the guilty plea colloquy.

Appellant's Br. at 1.

Appellant argues that the court abused its discretion in imposing a sentence of incarceration instead of probation because he "had no prior record score, was fully employed, and the victim failed to participate in the sentencing proceedings." *Id.*, at 6, 9-10. Appellant also avers that the court erred in sentencing him "in the high end of the standard range of the sentencing guidelines without consideration of Appellant's remorse, the absence of the victim's participation at the sentencing hearing, absence of prior record, and instead relying upon alleged facts outside of the guilty plea colloquy." *Id.*, at 7, 9.

A claim that a sentence is excessive presents a challenge to the discretionary aspects of the sentence. Such a claim does not entitle an appellant to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18-19 (Pa. 1987).

An appellant challenging the discretionary aspects of his sentence must comply with the following requirements in order to obtain our review: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant's Rule 2119(f) statement must "raise a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." *Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011).

Here, Appellant timely filed a post-sentence motion and a notice of appeal. He included a Rule 2119(f) Statement in his brief, alleging that the sentence he received was "excessive and not based upon the factors in the sentencing code." Appellant's Br. at 3. In his brief, he argues that the court did not discuss or otherwise acknowledge the factors provided in the 42 Pa.C.S. § 9721 because it did not "mention . . . Appellant's employment status, remorse, or rehabilitative needs since it was his first offense." *Id*. at 10. This argument presents a substantial question, and we thus proceed to the merits of whether the court abused its discretion.

Our review is informed by well-settled legal principles. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (citation omitted). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id*. (citation omitted).

Here, Appellant contends that the court abused its discretion by ignoring Section 9721 which requires courts to consider certain factors prior to imposing a term of incarceration, including a defendant's characteristics and rehabilitative needs. Based on our review of the record and applicable law, we agree that the court erred as a matter of law and, thus, abused its discretion.

Our sentencing statutes provide that "[t]he court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime **and the history, character, and condition of the defendant**, it is of the opinion that the total confinement of the defendant is necessary because, *inter alia*, "a lesser sentence will depreciate the seriousness of the crime of the defendant." 42 Pa.C.S. § 9725(3) (emphasis added). In addition, Section 9721(b) provides that "the sentence imposed

should call for total confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, **and the rehabilitative needs of the defendant**." *Id.* (emphasis added).

Significantly, Section 9721(b) also provides that "[i]n every case in which the court imposes a sentence for a felony or misdemeanor . . . the court **shall make as a part of the record, and disclose in open court at the time of sentencing**, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721 (emphasis added). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics[,] and his potential for rehabilitation." **Commonwealth v. Griffin**, 804 A.2d 1, 10 (Pa. Super. 2002). Finally, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010).

Here, because the court did not order a pre-sentence investigation, the court was required to state on the record that it was aware of and considered the sentencing factors provided by our sentencing code. As noted above, the court here stated:

> So we've reviewed the matter here and we understand that this had occurred some time ago. I know it's been some time getting here. The [c]ourt's been concerned, I think, since the outset since we reviewed this of the nature of this offense and what had occurred here and so understanding that, the gravity of the

>offense and the impact on the life of the victim as relayed here in the affidavit, sir, I'm going to sentence you as follows[. . .] .

N.T. Sentencing, at 7.

This barebones statement does not satisfy the mandates of Section 9721. The fact that the incident occurred some time ago is not a sentencing factor. While the court mentioned its consideration of the nature of the offense, the gravity of the offense, and the impact on the victim, the court's statement does not in any way indicate that it was aware of and considered the characteristics of Appellant, particularly his rehabilitative needs, before imposing a term of incarceration. The imposition of a standard range sentence does not absolve the court of its statutory obligation to provide thorough consideration and explanation indicating that it was aware of the sentencing factors as provided by our legislature and properly considered them.

We, thus, vacate the judgment of sentence and remand for resentencing in accordance with this memorandum.[3]

Judgment of Sentence vacated. Case remanded. Jurisdiction relinquished.

President Judge Emeritus Bender joins the memorandum.

Judge Bowes files a Dissenting Memorandum.

---

[3] We address Appellant's second and third issues only to observe that, in light of the court's summary explanation of its reasons for imposing a sentence of incarceration, Appellant's claims that the court impermissibly relied on allegations in the affidavit of probable cause are purely speculative.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/2022