J-A07014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYIESHA THOMAS | : | |
| | : | |
| Appellant | : | No. 2043 EDA 2021 |

Appeal from the Judgment of Sentence Entered August 31, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003752-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 04, 2023**

Appellant, Tyiesha Thomas, appeals from the judgment of sentence entered on August 31, 2021, after she pleaded guilty to Aggravated Assault, Endangering the Welfare of Children (EWOC), and Possessing Instruments of Crime (PIC).[1] Appellant challenges the discretionary aspects of her sentence. After review, we affirm.

On October 25, 2020, Appellant stabbed her minor daughter in the arm with a knife. On December 14, 2020, police arrested Appellant and the Commonwealth charged her with the above offenses. On June 23, 2021, Appellant entered her guilty plea. The court deferred sentencing for preparation of a presentence investigation (PSI) report.

_____

[1] 18 Pa.C.S. §§ 2702(a)(4), 4304(a)(1), and 907(a), respectively.

On August 31, 2021, the court convened a sentencing hearing. At the hearing, the court reviewed the PSI report and heard argument from Appellant's counsel and the Commonwealth. Additionally, the attorney for the Commonwealth read into the record a statement by the victim. Appellant declined to address the court. At the conclusion of the hearing, the court sentenced Appellant to a 15-to-30-month term of incarceration, to be served concurrently with a 7-year term of probation.

On September 1, 2021, Appellant filed a Motion for Reconsideration of Sentence. She argued that the court abused its sentencing discretion by failing to "give sufficient weight to the mitigating factors contained in the PSI report." Motion for Reconsideration of Sentence, 9/1/21, at ¶ 4. On September 7, 2021, the court denied the motion.

Appellant timely filed the instant appeal, and a Pa.R.A.P. 1925(b) statement *nunc pro tunc*. The trial court filed a Rule 1925(a) opinion.

Appellant raises a single issue for our review:

> When a defendant appeals her sentence in Pennsylvania, this Court shall vacate the sentence and remand the case to the lower court if it finds that the court imposed a sentence based solely on the gravity of the offense. Did the lower court abuse its discretion where its sole rationale for the sentence of 15 to 30 months imprisonment and 7 years of probation was that Appellant stabbed her daughter?

Appellant's Br. at 3.

Appellant challenges the trial court's exercise of sentencing discretion. An appellant raising such a challenge is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance

- 2 -

of appeal. 42 Pa.C.S. § 9781(b); ***Commonwealth v. Tuladziecki***, 522 A.2d 17, 18-19 (Pa. 1987).

To invoke this Court's review, the appellant must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the issue at sentencing or in a motion to reconsider and modify sentence; (3) include in her brief a Pa.R.A.P. 2119(f) statement; and (4) raise in that statement a substantial question that the sentence is inappropriate under the Sentencing Code or sentencing norms. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013).

Here, Appellant filed a timely appeal, preserved her issue in a post-sentence motion, and included in her brief a Rule 2119(f) statement. In her statement, Appellant argues that the sentencing court abused its discretion by failing to give sufficient weight to mitigating factors contained in her PSI report. Appellant's Br. at 10-11.[2]

---

[2] Appellant presents additional arguments in her Rule 2119(f) statement that she did not raise with sufficient specificity in the trial court. In her post-sentence motion, Appellant argued, without elaboration, that the court "did not give sufficient weight to the mitigating factors contained in the PSI report." Motion for Reconsideration of Sentence at ¶ 4. Here, Appellant argues that the sentencing court erred by (1) failing to consider her rehabilitative needs, a statutory sentencing factor; and (2) considering only the gravity of the offense to the exclusion of all other sentencing factors. Appellant's Br. at 10-11. Since Appellant did not raise these specific claims in her post-sentence motion, they are waived. ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (explaining that where an appellant has failed to raise the discretionary sentencing claim in the lower court, it is waived). ***See also*** Pa.R.Crim.P. 720(B)(1)(a) (requiring that post-sentence motions state requests for relief
*(Footnote Continued Next Page)*

Appellant does not elaborate on what mitigating factors the PSI report contained and the court failed to consider. She has likewise failed to cite any law to support her assertion that the failure to consider such mitigating factors raises a substantial question for our review. To the contrary, "this [C]ourt has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Patterson*, 180 A.3d 1217, 1233 (Pa. Super. 2018). Appellant has, thus, failed to invoke our review of her discretionary sentencing claim.[3]

Appellant has failed to invoke our review of her discretionary sentencing claim. As a result, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

_____

"with specificity and particularity"). Moreover, for the reasons described *infra* in footnote 3, these issues are without merit.

[3] Even if we were to undertake review, we would find Appellant's claim meritless. The trial court affirmed at the sentencing hearing that Appellant's PSI report informed its sentence. N.T. Sentencing, 8/31/21, at 18. "[W]here, as here, the sentencing court had the benefit of a [PSI] report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (citation and quotation marks omitted).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/4/2023*