J-S02003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CA'MEL JEREMIAH DOUGLAS | : | |
| | : | |
| Appellant | : | No. 959 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 26, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002587-2021

BEFORE:  LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                          **FILED APRIL 4, 2025**

Appellant, Ca'mel Jeremiah Douglas, appeals from the February 26, 2024 judgment of sentence entered in the Northampton County Court of Common Pleas following his conviction of Aggravated Assault—Causes or Attempts to Cause Serious Bodily Injury and Aggravated Assault—Causes or Attempts to Cause Bodily Injury with a Deadly Weapon.[1]  He challenges the discretionary aspects of his sentence, specifically the trial court's application of the deadly weapon sentencing enhancement ("DWE") to the sentence for his Aggravated Assault conviction under Section 2702(a)(1).[2]  After careful review, we affirm.

---

[1] 18 Pa.C.S. § 2702(a)(1) and (a)(4), respectively.

[2] The court did not apply the DWE to Appellant's sentence for his conviction under Section 2702(a)(4) and, thus, he does not challenge that sentence on appeal.

We glean the relevant factual and procedural history from the trial court opinion and the certified record. On September 25, 2020, Nikal Jones ("Victim"), Shadee Johnson, Elijah Ford, Aquasay Harris,[3] Antone Beam, and Appellant were smoking marijuana and PCP in the kitchen of Mr. Johnson's apartment. Mr. Beam went into another room. Eventually, an altercation began that involved the remaining 5 men. Mr. Harris shot Mr. Johnson, who then continued to struggle with Mr. Harris. During the struggle, Mr. Johnson heard additional gunshots. The Victim was shot 5 times.

The Commonwealth charged Appellant and Mr. Ford with murder and related offenses in connection with the Victim's death. Appellant proceeded to a jury trial on November 27, 2023. At trial, Mr. Johnson testified consistently with the above facts. He also testified that Mr. Harris, Mr. Ford, and Appellant all had firearms. N.T. Trial, 11/29/23, at 45, 52-53. On cross-examination, Mr. Johnson testified that he saw Appellant "shooting towards" where the Victim was sitting but admitted that he had testified at the preliminary hearing that Mr. Ford, not Appellant, shot the Victim. *Id.* at 66-67.

In addition, Pennsylvania State Police Corporal Jesse Oleksza testified that the 4 bullets recovered from the Victim, as well as 1 bullet found in a ceiling joist in the master bedroom and 1 found on the porch, were from the same 9-millimeter firearm, whereas the bullet found in the kitchen doorframe

_____

[3] Mr. Harris's first name is also spelled Aquassay.

- 2 -

and the bullet in the wall behind the Victim came from a different 9-millimeter firearm.[4]  *Id.* at 250-257, 264-65.  Police did not recover the firearms.

Finally, forensic Pathologist Zhongxue Hua testified that, although there were only 4 bullets in the Victim's body, he sustained 5 gunshot wounds, and that only one of those wounds had an exit point.  *Id.* at 152, 156.  Dr. Hua explained that the Victim's cause of death was multiple gunshot wounds.  *Id.* at 180.  On cross-examination, Dr. Hua specifically addressed that two of the shots could have been fatal on their own, but he also explained that the shots could have occurred in any order and reiterated that the Victim died from multiple gunshot wounds.  *Id.* at 186-187, 190.

On November 30, 2023, the jury found Appellant guilty of the above charges, and not guilty of First-Degree Murder.

Appellant proceeded to sentencing on February 26, 2024, where he argued that the deadly weapon enhancement ("DWE")[5] should not apply because he was only an accomplice.  N.T. Sentencing, 2/26/24, at 6-7.  The court assigned Appellant's Aggravated Assault conviction an offense gravity score ("OGS") of 10, and applied the DWE.[6]  Accordingly, the court sentenced

_____

[4] There were also 2 projectiles from a .45-caliber firearm found in the kitchen. *Id.* at 249.

[5] *See* Deadly Weapon Enhancement/Used Matrix, 204 Pa. Code § 303.17(b).

[6] Appellant's prior record score was a 3.  Accordingly, the standard-range sentence without application of the DWE would be 42 to 54 months, and the standard-range sentence with the application of the DWE was 60 to 72 months.  204 Pa. Code § 303.17(b).

Appellant to a term of 66 to 132 months of incarceration followed by a consecutive period of probation of 48 months for his conviction under 18 Pa.C.S. § 2702(a)(1).

Appellant timely appealed. Both he and the trial court complied with Pa.R.A.P. 1925.

Appellant raises one issue for our review:

> Did the Trial Court err and/or commit an abuse of discretion when it applied the Deadly Weapon Enhancement/Used Matrix, 204 Pa. Code § 303.17(b), when sentencing Appellant for the offense of [A]ggravated [A]ssault, 18 Pa.C.S.[] § 2702(a)(1), a felony of the first degree?

Appellant's Br. at 4.

***

"[A] challenge to the application of the deadly weapon enhancement implicates the discretionary aspects of sentencing." *Commonwealth v. Kneller*, 999 A.2d 608, 613 (Pa. Super. 2010) (*en banc*). Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). To obtain our review, an appellant must (1) preserve the issue at sentencing or in a post-sentence motion; (2) file a timely notice of appeal; (3) include a concise statement of the reasons relied on for appeal pursuant to Pa.R.A.P. 2119(f); and (4) raise a "substantial question that the sentence is appropriate under the [S]entencing [C]ode."

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Here, Appellant filed a timely notice of appeal, preserved his claim at sentencing, and included a Pa.R.A.P. 2119(f) statement in his brief to this Court. Furthermore, Appellant has raised a substantial question because it is well settled that "[a] substantial question is raised where an appellant alleges his sentence is excessive due to the sentencing court's error in applying the [DWE]." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008). Accordingly, we will address the merits of Appellant's claim.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa. Super. 2013) (citation omitted). Additionally, "this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d)." ***Id.*** (citation omitted). Relevantly, Section 9781(c) provides:

> (c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>
>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

A person is guilty of Aggravated Assault if he, *inter alia*, "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). A conviction under Section 2702(a)(1) carries an OGS of 10 if the defendant attempts to cause serious bodily injury, and an OGS of 11 if the defendant causes serious bodily injury. 204 Pa. Code § 303.15. In addition, a person is an accomplice of another person if, "with the intent of promoting or facilitating the commission of the offense, he: (i) solicits such other person to commit it; or (ii) aids or agrees or attempts to aid such other person in planning or committing it[.]" 18 Pa.C.S. § 306(c).

> Finally, the DWE—"used" enhancement provides that
>
> [W]hen the court determines that the offender used a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:
>
>> (i) Any firearm [ ], or
>>
>> (ii) Any dangerous weapon [ ], or
>>
>> (iii) Any device, implement, or instrumentality capable of producing death or serious bodily injury.

204 Pa. Code § 303.10(a)(2)(i-iii).

*

Appellant argues that the trial court erroneously applied the DWE matrix to calculate his standard-range sentence because the "only viable factual basis for the [A]ggravated [A]ssault conviction was that [Appellant] was an accomplice to [Mr.] Ford's [A]ggravated [A]ssault[.]" Appellant's Br. at 12. He argues that the court, by assigning his conviction an OGS of 10 rather than 11, made an "at least implicit determination" that Appellant "only attempted to cause serious bodily injury but did not in fact cause such injury." *Id.* at 11. He further asserts that

> [g]iven the Commonwealth's basis for the subsection (a)(1) [A]ggravated [A]ssault as set forth in the Amended Criminal Information – '[Appellant] shot at [the Victim] multiple times resulting in his death, and/or was an accomplice with ELIJAH FORD in causing said death' — it would not make sense for the jury to have convicted [Appellant] of [A]ggravated [A]ssault for causing serious injury to [the Victim], *i.e.*, [his] death, while at the same time acquitting [Appellant] of having caused that death. Thus, the [court's] contention in its Memorandum Opinion that the jury's basis for its subsection (a)(1) [A]ggravated [A]ssault conviction was that [Appellant] used a firearm to inflict serious bodily injury on [the Victim] is without basis in the record.

*Id.* (citation omitted).

Appellant further argues that that accomplices are not subject to sentencing enhancements. *Id.* at 12-13, *citing* **Commonwealth v Ali**, 112 A.3d 1210, 1231 (Pa. Super. 2015), *vacated on other grounds by* 149 A.3d 29 (Pa. 2016) (holding that "offender" in school zone sentencing enhancement refers to principal offender, not accomplices or conspirators).

The trial court explained that it did not abuse its discretion in applying the DWE because the jury "obviously found that [Appellant] possessed and

used a firearm to inflict serious bodily injury" and that this finding was "[c]learly. . .the basis for the jury's guilty verdict" for Aggravated Assault. Trial Ct. Op., 5/28/24, at 4. The court also noted that, despite Appellant's acquittal on the First-Degree Murder charge, "the evidence at trial clearly showed that [the Victim] died of multiple gunshot wounds" and, thus, established that Appellant caused serious bodily injury to Victim using a deadly weapon. *Id.* at 4-5.

Following careful review, we discern no abuse of discretion in the trial court's decision to apply the DWE. The court based its decision on the facts adduced at trial, which indicated that Appellant was a principal, not an accomplice, because he possessed a firearm and shot at the Victim, and the bullets recovered from the Victim's body and from nearby were from two different firearms. These facts, taken together, indicate that Appellant either caused or attempted to cause serious bodily injury to the Victim. Thus, the record belies Appellant's assertion that the only possible basis for his conviction was that he was an accomplice to Mr. Ford. Significantly, Appellant fails to address this evidence in his brief.

Accordingly, we conclude that the trial court properly applied the DWE. Consequently, we need not address Appellant's argument that courts cannot apply the DWE to accomplices.

Appellant's claim merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/4/2025