J-S03006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MILTON DARIUS CLARK | : | |
| | : | |
| Appellant | : | No. 634 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 21, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003151-2019

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

JUDGMENT ORDER BY DUBOW, J.:                **FILED: FEBRUARY 23, 2026**

Appellant, Milton Darius Clark, appeals from the judgment of sentence of 16 to 32 years of incarceration entered following his plea of guilty but mentally ill to one count of Third Degree Murder, 18 Pa.C.S. § 2502(c).  He challenges the discretionary aspect of his sentence, asserting the court did not properly consider his mental health needs before imposing his sentence.  After careful review, we affirm.

On August 26, 2022, the trial court entered Appellant's plea of guilty but mentally ill in connection with his stabbing and killing a victim with a kitchen knife.  Appellant subsequently filed a motion to withdraw his plea, which the court granted.  However, the Commonwealth filed Petition for Permission to Appeal to this Court, which we granted.  This Court vacated the order withdrawing the guilty plea and remanded the case.  ***Commonwealth v.***

*Clark*, 2024 WL 457720 (Pa. Super. filed Feb. 6, 2024) (unpublished memorandum opinion).

On remand, the sentencing court held a hearing, acknowledging its review of the pre-sentence investigation ("PSI") report and other submissions relevant to Appellant's mental health history and treatment. *See* N.T. Sent'g, 3/21/24, at 1, 6, 17. Although the Commonwealth requested a standard range sentence of 20 to 40 years' incarceration, the court sentenced Appellant to a term of 16 to 32 years' incarceration. Following the denial of his post-sentence motion seeking a sentence modification, Appellant timely appealed. Both he and the court complied with Pa.R.A.P. 1925.

Appellant raises one issue for our review: "Whether the [t]rial [c]ourt committed an error of law or abused its discretion in failing to properly consider [Appellant's] mental health issues in sentencing." Appellant's Br. at 1. This issue raises a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 918–19 (Pa. Super. 2010) (claim that trial court failed to consider mitigating circumstances is a challenge to the discretionary aspects of a sentence).

An appellant raising a challenge to the discretionary aspects of his sentence is not entitled to review as of right; rather, a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*). In order to obtain this Court's review, an appellant must comply with the following requirements: (1) file a timely notice of appeal; (2) preserve the

issue at sentencing or in a motion to reconsider and modify sentence; (3) include within his brief a concise statement of the reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f); and (4) raise a substantial question that the sentence is inappropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013).

With respect to the third requirement, the Rule 2119(f) concise statement must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." *Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*). The statement must also specify "what fundamental norm the sentence violates and the manner in which it violates that norm." *Id.*; *see also Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002) (OAJC) (same).

"A Rule 2119(f) statement that simply 'contains incantations of statutory provisions and pronouncements of conclusions of law' is inadequate." *Commonwealth. v. Bullock*, 868 A.2d 516, 529 (Pa. Super. 2005) (citation omitted). This Court "cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012).

Here, Appellant's "Concise Statement Pursuant to Rule 2119(f)," provides the following, verbatim:

The Trial Court abused its discretion in issuing a sentence without considering mitigating factors which qualifies as a substantial question regarding discretionary review. **See Com[monwealth] v. Caldwell**, 117 A.3d 763 (Pa. Super. 2015)[(*en banc*)]; 42 Pa.C.S. §9781(B); Pa.R.A.P. 2119(f). Here, the Trial Court failed to place sufficient weight on the Appellant's mental health condition at the time of the instant offense as set forth by his mitigation report.

Appellant's Br. at 3.

Appellant's Rule 2119(f) statement fails to inform this Court where the sentence falls in relation to the sentencing guidelines and does not indicate what particular provision of the code it violates. Limiting our review to Appellant's Rule 2119(f) statement, we conclude Appellant has failed to raise a substantial question.[1] We, thus, affirm the judgment of sentence.

---

[1] Moreover, where a court has the benefit of a PSI report, we presume that the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating statutory factors." **Commonwealth v. Hill**, 210 A.3d 1104, 1117 (Pa. Super. 2019) (citation omitted). In addition, an allegation that the court failed to consider mitigating factors does not raise a substantial question. **Rhoades**, 8 A.3d at 918-19. Thus, even if Appellant had provided a satisfactory Rule 2119(f) Statement, we would conclude he failed to raise a substantial question.

- 4 -

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/23/2026